Thomas F. FENNELL

v.

SVENSKA AMERIKA LINIEN A/B
(Swedish American Line) (Socony
Mobil Oil Company, Inc.).
Civ. A. No. 58–43–A.

United States District Court
D. Massachusetts.

Dec. 19, 1958.

Harry Kisloff, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

John T. Riley, Boston, Mass., for Socony Mobil Oil Co.

ALDRICH, District Judge.

This is a motion for a more definite statement under Fed.Rules Civ.Proc. rule 12(e), 28 U.S.C.A., by a third-party defendant. In the original action, brought against the alleged owner or operator of the M. S. Sparreholm, the plaintiff states that while in the performance of his duties as a longshoreman aboard ship in the Port of Boston on May 15, 1957, "he received personal injuries due to the neg-

ligence of the defendant, its agents or servants, and due to the defendant's failure to provide and maintain a reasonably safe and proper place to work and other faults on its part." The defendant filed what was in effect a general denial, accompanied by the further allegation that the plaintiff's injuries, if any, were occasioned in whole or in part by his own fault and not by any persons for whom the defendant was responsible. Defendant filed interrogatories, which have not yet been answered, and a month later filed a third-party complaint against Socony Mobil Oil Company, Inc. In this it alleges that Socony on the date in question was engaged in delivering petroleum products on board the Sparreholm, refers to the original complaint, and alleges that if plaintiff therein was injured, "which is expressly denied," his injuries were "due in whole or in part to the negligence and/ or failure of [Socony] to properly perform its contract with the defendant-third party plaintiff," and, in effect, demands indemnity. Socony moves that the third-party plaintiff be ordered to make a more definite statement setting forth what act or failure to act it is charged with having done negligently or in breach of contract.

██ It is clear that the philosophy of the Rules of Civil Procedure has been to reduce to a minimum the factual allegations which need be recited in a pleading, leaving to the various forms of pretrial procedure and discovery the function of ascertaining additional details. Conley v. Gibson, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80; 2 Moore's Federal Practice, 2d Ed., ¶ 8.13. With this I have no quarrel. Pettifogging, microscopic assertions of variance, and other pedantic activity properly led to such reform. However, there is and must be some residual meaning to the requirement of Rule 8(a) that a claim

for relief "shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * * ". The mere assertion that if a man was injured aboard ship it was due to third-party defendant's negligence and/or breach of contract is not even colorable compliance with this rule, and certainly will not withstand the lesser attack of a motion under Rule 12(e).

██ Standing by itself it would be clear that the third-party complaint requires amplification, but it is also appropriate to look at the original complaint therein referred to. However, plaintiff's pleading is little better than defendant's. A complaint should do something more than merely inform the Clerk into what statistical category the case belongs. Here the original plaintiff might have slipped in a pool of oil, or been assaulted by an incompetent seaman, injured by careless action of a fellow-employee, or supplied with defective equipment. Consequently this complaint, too, would have been held inadequate had the defendant so moved.

██ I appreciate that a third-party plaintiff, particularly if it is ignorant of the fact that the original injury occurred and is given insufficient information in the original complaint, may be in a difficult position to allege the basis under which it may be entitled to indemnity. However, Rule 8 applies equally to third-party complaints. If a defendant is without sufficient knowledge to state the basis for such a complaint, it must take whatever action is necessary before instituting one. It will be remembered that Rule 11 provides that counsel certifies by his signature that to the best of his knowledge there is good ground to support a pleading.[1]

The third-party plaintiff is ordered to file a more definite statement within 30 days.

---

1. I do not pause to consider how if, according to its answer to the original complaint, third-party plaintiff was neither the owner nor operator of the Spar-

reholm, it has any right of indemnity against Socony, but I will face this question later.