James **JONES** et al.,
Plaintiffs-Appellants,

v.

**LOCAL 520, INTERNATIONAL UNION OF OPERATING ENGINEERS, et al.,**
Defendants-Appellees.

No. 78–1815.

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 1979.

Decided Aug. 13, 1979.

Edward L. Welch, Edwardsville, Ill., for plaintiffs-appellants.

J. Leonard Schermer, St. Louis, Mo., for defendants-appellees.

Before TONE and BAUER, Circuit Judges, and SOLOMON, Senior District Judge.*

BAUER, Circuit Judge.

The appellants in this case instituted an action to enforce certain rights allegedly arising from 1) a preferential hiring agreement with the defendants-appellees (Count I) and 2) a consent decree entered into by the defendant-appellee, Local 520, International Union of Operating Engineers (Count II). In addition, the appellants sought damages and other affirmative relief under 42 U.S.C. § 1981 for alleged racially discriminatory practices of the defendants-appellees. The district court dismissed Counts I and II for lack of jurisdiction and granted the defendants summary judgment on Count III. We reverse as to Counts I and II, and affirm as to Count III.

The basis for Count I of the appellants' complaint was the so-called Ogilvie Plan and a successor agreement, which provided for the maintenance of equal employment opportunities in the highway construction industry in Madison and St. Clair counties. The agreement was designed to eliminate any lingering vestiges of past discrimination by establishing a fixed ratio for job openings—specifically, one minority referral for every four non-minority referrals. Similarly, the consent decree entered into by the defendant union stated that "the union shall provide employment opportunities to 20% in the aggregate of referrals to highway construction in Madison and St. Clair counties to minority applicants."

In dismissing Counts I and II, the district court held that the appellants did not have a cause of action under 42 U.S.C. § 1981 since the agreement represented a preferential hiring plan and § 1981 provides only that all persons shall have the same rights "as is enjoyed by white citizens." We cannot agree, however, that the appellants' action is not maintainable under § 1981. In our view, the agreements create third party beneficiary rights in the white and black operating engineers who stand to benefit from the operation of the referral plan. The appellants' complaint alleges that the beneficiary rights of black engineers are not being recognized by the defendants-appellees because of racial considerations. In particular, the complaint alleges that the contractors have deprived the blacks of their beneficiary rights by accepting whites who are masquerading as minor-

* The Honorable Gus J. Solomon, Senior District Judge of the United States District Court for the District of Oregon, is sitting by designation.

ity group members to satisfy the 20 percent requirement. We find these allegations of a racially motivated deprivation of beneficiary rights sufficient to maintain an action under § 1981. It follows that the district court has jurisdiction over Counts I and II under 28 U.S.C. § 1343.

As grounds for dismissing Count II, the court also held that "a consent decree may not be attacked in a new case prior to seeking a remedy in the previous case." Here, however, the appellants are seeking not to attack the consent decree, but to recover on the basis of beneficiary rights which it confers. We thus find no basis in the above principle for dismissing Count II of the appellants' complaint.

As to Count III, the appellants' counsel stated at oral argument that he was not asking this Court to reverse the district court's judgment against the individual plaintiffs. We are unable to find any theory that would support Count III as to the entire class of plaintiffs other than those embodied in Counts I and II. Accordingly, we affirm the lower court's judgment on Count III.

AFFIRMED IN PART AND REVERSED IN PART.