IT IS FURTHER ORDERED that plaintiff's first amended complaint be and is DISMISSED with prejudice as to both defendants at plaintiff's costs.

James JONES, et al., Plaintiffs,

v.

LOCAL 520, INTERNATIONAL UNION OF OPERATING ENGINEERS, et al., Defendants.

Civ. No. 76–3154.

United States District Court, S. D. Illinois.

Oct. 5, 1981.

Edward L. Welch, Edwardsville, Ill., for plaintiffs.

C. Clark Germann, Springfield, Ill., L. Kaplan, Clayton, Mo., Curt Lindauer, Jr., Harry J. Sterling, Edw. Maag, Belleville, Ill., J. Leonard Schermer, Clayton, Mo., Harold Gruenberg, St. Louis, Mo., Roy E. Frazier, Jr., Ass't. Atty. Gen., Springfield, Ill., for defendants.

## ORDER

FOREMAN, Chief Judge:

This case is currently before the Court pursuant to a remand from the Seventh Circuit Court of Appeals, *Jones v. Local 520*, 603 F.2d 664 (7th Cir. 1979), *cert. denied* 444 U.S. 1017, 100 S.Ct. 669, 62 L.Ed.2d 647 (1981). Plaintiff, by leave of Court, has filed a third amended complaint. There are numerous motions concerning the viability of plaintiffs' third amended complaint, and the Court shall consider them in a manner designed for efficient resolution.

First, the following motions are hereby GRANTED: (1) Motion to Adopt, filed June 5, 1981, by the State of Illinois; (2) Motion to Adopt, filed June 11, 1981, by Reese Construction Co.; (3) Motion to Adopt, filed June 11, 1981, by Charles Mahoney Co.; (4) Motion to Adopt, filed June 12, 1981, by Calhoun County Construction Corp.; and (5) Motion to Adopt, filed June 15, 1981, by Rust Construction Co. The foregoing motions concern the desire of respective counsel to adopt in opposition to plaintiffs' third amended complaint the memoranda lodged in opposition to plaintiffs' second amended complaint. Since these motions are now granted, the Court is in a position to consider the sufficiency of plaintiffs' third amended complaint.

Remaining before the Court are the following motions: (1) Motion to Dismiss, filed March 27, 1981, by the State of Illinois; (2) Motion to Dismiss or Strike, filed March 27, 1981, by Hoeffken Brothers; (3) Motion to Strike and to Make More Definite, filed April 8, 1981, by Keeley Brothers; (4) Motion for Dismissal, filed April 9, 1981, by Local 520; (5) Motion to Dismiss, filed April 16, 1981, by Helmkamp Excavating; (6) Motion to Dismiss, filed April 15, 1981, by H. H. Hall Construction Co.; (7) Motion to Dismiss or Strike, filed April 17, 1981, by Charles Mahoney Co.; (8) Motion to Dismiss, filed April 20, 1981, by Calhoun County Contracting Corp.; (9) Motion to Dismiss, filed April 20, 1981, by Reese Construction Co.; (10) Motion to Dismiss, filed April 22, 1981, by Rust Construction Co.; (11) Motion to Strike Portions of Count I of Third Amended Complaint, filed June 5, 1981, by Keeley Brothers; (12) Motion to Dismiss Third Amended Complaint, filed June 9, 1981, by Local 520; (13) Motion to Strike Count I of Third Amended Complaint, filed June 13, 1981, by Hoeffken Brothers; and (14) Motion to Dismiss Third Amended Complaint, filed June 19, 1981, by H. H. Hall.

The original complaint sought to enforce certain rights allegedly arising from a preferential hiring agreement with defendants (Count I) and a consent decree entered into by defendant Local 520 (Count II). The Court of Appeals reversed this Court's dismissal of those two counts for failure to state a claim upon which relief could be granted under 42 U.S.C. § 1981. The Court of Appeals stated that:

> "the agreements create third party beneficiary rights in the white and black operating engineers who stand to benefit from the operation of the referral plan . . . In particular, the complaint alleges that the contractors have deprived the blacks of their beneficiary rights by accepting whites who are masquerading as minority group members to satisfy the 20 percent requirement. We find these allegations of a racially motivated deprivation of beneficiary rights sufficient to maintain an action under § 1981."

603 F.2d at 665–66. The Court of Appeals further stated:

"As grounds for dismissing Count II, the court also held that a 'consent decree may not be attacked in a new case prior to seeking a remedy in the previous case.' Here, however, the appellants are seeking not to attack the consent decree, but to recover on the basis of beneficiary rights it confers."

603 F.2d at 666. The thrust of the Court of Appeals' order is clear. Plaintiffs are not suing upon the agreement or to enforce the agreement or consent decree. Rather, they are suing under § 1981 for deprivation of third party beneficiary rights which those agreements confer upon them. The Court of Appeals thus views the right to receive third party beneficiary status benefits an interest subsumed under the "right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . ." 42 U.S.C. § 1981 (1980). In the third amended complaint, filed May 29, 1981, plaintiffs seek to enforce these third party beneficiary rights allegedly arising from (1) "An Agreement to Facilitate and Maintain Equal Employment Opportunity for Highway Construction in Madison and St. Clair Counties, effective June 4, 1973, is hereby incorporated into and made a party of this contract by reference," [hereinafter referred to as "the Agreement"] (Count I); and (2) a consent decree entered into by Local 520 and the United States in *United States v. International Union of Operating Engineers, Local 520*, No. 69–C–9 (S.D.Ill.). Jurisdiction is alleged under 42 U.S.C. § 1981 and § 1983 and 28 U.S.C. § 1343(3). Against this background, the Court turns to the motions and contentions of the parties.

## I. State of Illinois and IDOT.

First before the Court is the Motion to Dismiss Second Amended Complaint, filed March 27, 1981, by the Department of Transportation of the State of Illinois (IDOT) and the State of Illinois, which by motion allowed above applies against the third amended complaint. The State and IDOT have offered several grounds for dismissal, but in the Court's opinion, one not raised by the parties is dispositive. The State and IDOT have been named as parties in the third amended complaint, and the only relief requested from the State or IDOT is money damages. No injunctive relief is sought from them. The Eleventh Amendment bars a federal court from entertaining an action which seeks to impose a liability which must be satisfied from the general revenues of the state. *Carey v. Quern*, 588 F.2d 230, 233 (7th Cir. 1980); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). With respect to § 1983, the Supreme Court has held that "neither logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the 1871 Act compel, or even warrant, a leap from this proposition [that the Civil Rights Act of 1871 ceded to the Federal Government many important powers previously considered within the exclusive province of the states] to the conclusion that Congress intended by the general language of the Act to overturn the constitutionally guaranteed immunity of the several States." *Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). There is nothing which would lead this Court to believe that under § 1981, which originated in the Civil Rights Act of 1866, see, *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), a different result should issue. However, since none of the parties have heretofore addressed the issue, plaintiffs are given twenty (20) days from receipt of this order to come forward and show cause why the State of Illinois and IDOT should not be dismissed from the lawsuit on sovereign immunity principles.

## II. Hoeffken Brothers.

Second before the Court is the Motion to Dismiss, or in the Alternative, to Strike, filed March 27, 1981, by defendant Hoeffken Brothers and their Motion to Strike Count I of Third Amended Complaint, filed June 13, 1981. Defendant

Hoeffken argues that the complaint be stricken or dismissed since: (1) the claims are barred by the two year statute of limitations; (2) plaintiffs have not pleaded facts indicating wrongdoing or responsibility for wrongdoing. Defendant Hoeffken's motions are DENIED. First, plaintiffs' claim is not barred by the statute of limitations. By express statement of the Court of Appeals for the Seventh Circuit, plaintiffs' claim is based upon third party beneficiary rights. Thus, employing in this § 1981 and § 1983 action the most analogous statute of limitations of the state where the alleged deprivation of civil rights occurred, *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the ten (10) year statute of limitations applying to written contracts should apply. *Ill.Rev.Stat.*, ch. 83, p. 17 (1979); *see, Electrical Contractor's Ass'n v. A. S. Schulman Electric Co.*, 391 Ill. 333, 63 N.E.2d 392 (1945). However, as plaintiffs point out in their brief in opposition, even assuming that the five year statute of limitations applies to this § 1981 action, as the Court of Appeals has said, it generally does, *Patterson v. General Motors Corp.*, 631 F.2d 476, 484 (7th Cir. 1980); *Waters v. Wisconsin Steel Works*, 502 F.2d 1309, 1315 (7th Cir. 1974), *cert. denied*, 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976), plaintiffs' allegations concern events transpiring since 1976. Thus, the five year statute, *Ill.Rev. Stat.*, ch. 83, p. 16 (1979) shall not be violated by the newly added plaintiffs since five years have not transpired since December 31, 1976. Moreover, lack of information as to the precise dates is not fatal bearing in mind that this is a preliminary motion under Federal Rule of Civil Procedure 12(b), testing the viability of the claim only. Discovery by the parties shall further illuminate the precise dates of the alleged wrongdoing.

■ Second, it is not necessary that plaintiffs plead in Count I facts showing that Hoeffken initiated or was responsible for the wrongdoing which occurred. By alleging that Hoeffken and other contractors knew of the classification of whites as minorities and willingly accepted the mis-classified whites, plaintiffs have stated a claim of direct discrimination by each contractor who so knowingly accepted the referrals. The Court of Appeals has already said that this states a claim upon which relief may be granted. Inasmuch as Hoeffken objects to the application of *respondeat superior* principles in the instant suit, that contention is addressed in Section III below.

### III. Keeley Brothers.

Third before the Court are the Motion to Strike Portions of Corrected Second Amended Complaint and to Make a More Definite Statement, and the Motion to Strike Portions of Third Amended Complaint, filed April 8, 1981, and June 5, 1981, respectively, by Keeley Brothers Contracting Company. Keeley Brothers object on the grounds that: (1) there are no third party beneficiary rights under the Agreement; (2) there is no "vicarious liability" which applies to Keeley Brothers either under the Agreement or at law; (3) the additional named plaintiffs are barred by an unspecified statute of limitations; (4) issues of res judicata bar a suit against this contractor; (5) issues of res judicata will make the trial "too confused;" and (6) definite dates and claims for relief have not been alleged. Defendant Keeley Brothers' motions are hereby DENIED. First, Keeley's argument that there can be no third party beneficiary rights under the Agreement is flatly contradicted by the Court of Appeals. Keeley may later produce evidence to support its claim, but as to whether plaintiff states a claim under Rule 12(b), there is no question.

■ Keeley's argument concerning vicarious liability is also misplaced. Keeley and the other defendants are probably confusing civil rights law developed under 42 U.S.C. § 1983 as applied only to municipalities and local governmental units, *see, Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673

(1980), with developments under 42 U.S.C. § 1981, and under § 1983 in non-municipality cases. The holdings of *Monell* and subsequent cases regarding vicarious liability are expressly based upon the legislative history accompanying passage of the Civil Rights Act of 1871, the predecessor of § 1983. Specifically, the *Monell* court relied in rejecting *respondeat superior* in § 1983 suits against municipalities upon Congress' rejection of the so-called Sherman Amendment, which purported to place liability for civic disturbances upon the host municipality. Rejection of the Sherman Amendment has absolutely no bearing on the interpretation of § 1981, the predecessor of which was the Civil Rights Act of 1866. There is nothing in § 1981 to lead a court to believe that *respondeat superior* is inapplicable to actions brought under the statute, and every court which has engaged in a meaningful analysis of the issue has so held. *See, Commonwealth of Pennsylvania v. Local 542, International Union of Operating Engineers,* 469 F.Supp. 329, 401–13 (E.D.Pa. 1978); *Miller v. Bank of America,* 600 F.2d 211 (9th Cir. 1979); *Mahone v. Waddle,* 564 F.2d 1018, 1019, 1030–36 (3d Cir. 1977).

In the instant suit, plaintiffs are alleging that "defendant contractors by their acquiescence in the acts or omissions of defendant Local 520 and because of their joint and several undertakings . . . are also vicariously liable for any damages resulting to plaintiffs." Plaintiffs' Third Amended Complaint at 7. Since there is nothing in § 1981 which would prohibit such vicarious liability, the allegation should stand along with plaintiffs' other allegation against the contractors as a viable claim.[1]

■ As to Keeley's statute of limitations argument, the Court has addressed it in Section II above. Keeley's res judicata argument is also without merit. First, if the issues become confused, that is the Court's problem and should not be a cause for dismissing the litigation, although the Court expects some help from counsel in clarifying the issues. Second, it is entirely unclear from Keeley's brief what it contends is barred by res judicata. In *Southern Illinois Builders Ass'n v. Ogilvie,* 471 F.2d 680 (7th Cir. 1972), the Seventh Circuit affirmed a holding that the Ogilvie plan for recruitment and hiring of minorities in the highway construction industry did not violate the Fifth and Fourteenth Amendment. Just how this bars the present suit, if that is even Keeley's contention, is unclear. Without anything more substantial, this ground could never be a basis for dismissal. At any rate, since a ruling on res judicata matters would most likely involve matters outside of the pleadings, the issue would be raised more properly in summary judgment proceedings under Rule 56 than in a motion under Rule 12.

■ Finally, the Court is of the opinion that the Third Amended Complaint sets forth its claims with sufficient specificity to satisfy Rules 8 and 12. Plaintiffs state, and there is no reason to disbelieve, that they can make their pleadings no more specific until discovery has taken place. Under Rule 8, pleadings should be kept short and brief until pre-trial discovery reveals the details. *Fennell v. Svenska Amerika Linien A/B,* 23 F.R.D. 116 (D.Mass.1958). Moreover, the claim concerns a continuing course of conduct over the years since 1976, under agreements and conditions which common sense dictates should be well known to defendants. Accordingly, specificity is not a fatal problem at this time.

### IV. Local 520.

■ Defendant Local 520, International Union of Operating Engineers is the only party defendant sued in both Counts I and II, and is the only party sued in Count II. Local 520 filed its Motion for Dismissal of Complaint on April 9, 1981, and its Motion for Dismissal of Plaintiffs' Third Amended Complaint on June 9, 1981. Local 520 does

---

1. Plaintiffs' other theory of liability against the contractors is alleged liability for damages directly due to their failure to honor the agreements to bring about twenty percent minority utilization, which deprived plaintiffs of their third party beneficiary rights. This theory is unaffected by vicarious liability.

not specify under which provision of the Federal Rules of Civil Procedure it moves, but clearly it contemplates dismissal under Rule 12. Accordingly, since it has not moved for summary judgment under Rule 56, the affidavit attached as Exhibit "E" to the motion of April 9, 1981, shall not be considered. Otherwise, Local 520 argues that the third amended complaint should be dismissed since: (1) it is barred by res judicata; (2) it is an impermissible collateral attack upon a consent decree; (3) § 1981 cannot be used to enforce contract provisions which discriminate against whites; (4) all other contractors who were similarly situated must be joined as indispensable parties under Rule 19; (5) the complaint fails to state a claim upon which relief can be granted; (6) plaintiffs have failed to exhaust procedures under the Agreement or the Consent Decree; and (7) the claims of the newly added plaintiffs are barred by the statute of limitations and laches. Upon consideration and for reasons stated below, Local 520's motions are hereby DENIED.

First, Local 520's res judicata and collateral attack arguments are entirely without merit. Plaintiffs are not attacking the facial validity of the preferential hiring program embodied in the Agreement and consent decree, but rather deprivation of third party beneficiary rights by virtue of Local 520's failure to follow them. Moreover, Local 520's argument with respect to the Consent Decree virtually ignores the order of the Court of Appeals which states that "the appellants are seeking not to attack the consent decree, but to recover on the basis of beneficiary rights which it confers." 603 F.2d at 664.

Local 520's "discrimination against whites" argument is equally without merit. The preferential hiring system in question was a voluntary express attempt to eradicate the past effects of unlawful racial discrimination. The need for the existence of such programs has been recognized and sanctioned in numerous contexts by the Supreme Court. *See*, e. g., *United Steelworkers v. Weber*, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979). The instant case is not an effort to bring about an unlawful contract. Rather, it is an action to enforce beneficiary rights, deprived allegedly on account of race, which derived from an otherwise valid system designed to eradicate the vestiges of racial prejudice. Local 520's characterization of the matter does not change the legal reality.

Local 520's argument under Rule 19 presents a different matter. Plaintiffs refer in their third amended complaint to the defendant contractors and other "similarly situated contractors" who are not parties, if they exist at all. Local 520 argues that failure to join these other parties will subject it to multiple repetitious and vexatious suits. The failure of plaintiffs to join these others, or to name them under Rule 19(c), allegedly compels dismissal. Plaintiffs respond that they are unaware of the identities of any other contractors and that only discovery can reveal the pertinent information.

Local 520's argument is non meritorious. First, plaintiffs have joined as many contractors as they were able. The Court has no reason to believe they are "holding out." Thus, the case is entirely distinguished from *Eldredge v. Carpenters JATC*, 440 F.Supp. 506 (N.D.Cal.1977), where the plaintiffs refused to join any of the employers which would have hired the plaintiffs or the unions which were responsible for dispatch of workers to the employers. Second, since joinder is unfeasible due to lack of information of the identity of the other contractors, the problem is properly considered under Rule 19(b) and under that provision, the Court should proceed with the parties before it. Of primary importance is that plaintiffs will have no adequate remedy if the action is dismissed for non-joinder. Not only has this action been long and hard fought to date, but if the action is dismissed, plaintiffs will be caught in a Catch-22, since the information needed can only be sought through discovery in the course of a lawsuit. Dismissal for failure to have that information prior to discovery would work a bitter injustice. Moreover, a fair and adequate judgment can be obtained in this case

without additional joinder. As to plaintiffs' claims of injury due to the individual discrimination of defendants, each will be responsible only for the harm it caused. With respect to vicarious liability, the Court can reconsider the Rule 19 argument once all the discovery is in and if need be, fashion a remedy at that point. Nor will Local 520 be subjected to multiple lawsuits. If discovery reveals the existence of indispensable parties, they can be joined or a class can be certified pursuant to Rule 23 to avoid the possibility of unfairness. At this point, however, dismissal is highly inappropriate.

Local 520's fifth argument, that the complaint fails to state a claim, is unworthy of discussion and has already been answered in plaintiffs' favor by the Court of Appeals. Local 520's sixth and seventh contentions have already been answered in sections II and III above.

### V. Helmkamp Excavating.

Next before the Court is the Motion to Dismiss Plaintiffs' Corrected Second Amended Complaint, filed April 15, 1981, by Helmkamp Excavating Co., which by motion allowed above applies against the third amended complaint. In its motion, it argues: (1) the complaint fails to state a claim upon which relief can be granted; (2) the complaint suffers from a "fatal lack of specificity"; (3) fails to allege an intent to discriminate; (4) vicarious liability is legally insufficient; (5) punitive damages are improper; (6) class action allegations are improper; and (7) the additional plaintiffs are improperly included. Helmkamp's motion is hereby DENIED.

First, numbers 1, 2, 4 and 7 have been considered earlier in this order and were found to be without merit. In addition, number 3 is without merit. Plaintiffs allege that Helmkamp knew or should have known that rights were being violated. The word "knew" means that they had knowledge. That plaintiffs followed the disjunctive "or" with should have known does not magically change the meaning of the word knew. Clearly, there is an allega-

tion of purposeful discrimination. The case cited by Helmkamp, *McDonald v. Illinois*, 557 F.2d 596 (7th Cir. 1977), *cert. denied*, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1978), is inapposite. There, allegations that various law enforcement officials had not adequately or sufficiently performed their jobs were held to sound only in negligence and therefore not state a cause of action under § 1983. Since plaintiffs have alleged a knowing deprivation, their allegations are sufficient.

With respect to punitive damages, the very case cited by Helmkamp states that:

[a] person who establishes a cause of action under 42 U.S.C. § 1981 is entitled to compensatory damages and, under certain circumstances, punitive damages. *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60 [95 S.Ct. 1716, 1719–1720, 44 L.Ed.2d 295] ... (1975); ... The rule in civil rights cases for recovery of punitive damages is that the defendant must have exhibited oppression, malice, gross negligence, willful or wanton misconduct or a reckless disregard for the civil rights of the plaintiff. *Guzman v. Western State Bank of Devils Lake*, 540 F.2d 948 (8th Cir. 1976) ...

*Darensbourg v. Dufrene*, 460 F.Supp. 662, 665 (E.D.La.1978). Here, the allegations are such that plaintiffs might well prove reckless disregard for their rights or willful conduct. Allowing the claim to stand now does not necessarily mean punitive damages will be awarded. That is a decision the Court shall make once all the evidence is in.

Finally, Helmkamp's argument concerning Rule 23 is unavailing. It was made clear at oral argument that plaintiffs are not intending this to be a class action.

### VI. H. H. Hall Construction Company.

The motion and brief filed by H. H. Hall on April 15, 1981, is identical in all material respects to that filed by Helmkamp, discussed immediately above. Accordingly, the same result shall issue, and the motion is hereby DENIED.

## VII. Charles E. Mahoney Company.

Next before the Court is the Motion to Dismiss, or in the Alternative, to Strike, filed April 17, 1981, by Charles E. Mahoney Co., and allowed by motion granted above to apply against the third amended complaint. Each of their allegations are identical to various arguments considered previously in this order, none of which were found to be meritorious. Accordingly, the motion is hereby DENIED.

## VIII. Calhoun County Contracting Corp.

The Motion to Dismiss Second Amended Complaint or in the Alternative, to Strike, filed by Calhoun County on April 20, 1981, and by motion allowed above applicable against the third amended complaint, states no new ground that has not been considered previously, and decided in plaintiffs' favor. Accordingly, the motion is hereby DENIED.

## IX. Reese Construction Company.

Next before the Court is the Motion to Dismiss Plaintiffs' Corrected Second Amended Complaint, filed April 20, 1981, by Reese Construction Co., applicable to the third amended complaint by motion allowed above. The motion contains no new argument not considered and rejected above. Accordingly, it is hereby DENIED.

## X. Rust Construction Company.

Finally before the Court is the Motion to Dismiss of defendant Rust, applicable to the third amended complaint by motion allowed above. The memorandum expressly adopts the grounds set forth by the other defendants. Accordingly, the motion is hereby DENIED.

## CONCLUSION

In sum, all the motions of the defendants attacking the third amended complaint have been DENIED. All defendants are hereby ORDERED to answer the third amended complaint within twenty (20) days of the date of this order. This does not apply to defendants IDOT and State of Illinois, with respect to which plaintiffs shall have twenty (20) days from receipt of this order in which to show cause why they should not be dismissed.

IT IS SO ORDERED.