**Woodrow EILAND, Plaintiff,**

v.

**Richard HARDESTY, # 14812, individually and in his official capacity as a Chicago Police Officer; Corrine Lunt, # 8927, individually and in her official capacity as a Chicago Police Officer; Reginald Betts, # 16545, individually and in his official capacity as a Chicago Police Officer; Robert Montgomery, # 16785, individually and in his official capacity as a Chicago Police Officer; City of Chicago; Richard Brzeczek, Superintendent of Police; Frank Nolan, Director of the Office of Professional Standards, Defendants.**

**No. 80 C 1293.**

United States District Court,
N.D. Illinois, E.D.

Aug. 16, 1982.

Jonathan C. Moore, G. Flint Taylor, Deutsch, Haas, Moore, Schmiedel & Taylor, Chicago, Ill., for plaintiff.

Jennifer Duncan-Brice, Asst. Corp. Counsel, William Quinlan, Corp. Council, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

Plaintiff Woodrow Eiland, a black American, has brought this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(2) and (3) (1976), alleging that defendants Richard Hardesty, a Chicago Police Officer, Officers Lunt, Betts, and Montgomery, the City of Chicago, Richard Brzeczek, Superintendent of Police, and Frank Nolan, Director of the Office of Professional Standards deprived him of liberty and his right to be free from summary punishment without due process of law, in violation of the fifth and fourteenth amendments to the Constitution of the United States. Additionally he alleges that these defendants violated his fourteenth amendment right to the equal protection of the law; his eighth and fourteenth amendment rights to be free from cruel and unusual punishment; his thirteenth amendment right to be free from badges and indicia of slavery; his first and fourteenth amendment rights to associate freely and peacefully assemble; and 42 U.S.C. §§ 1981, 1983 and 1985(2) and (3) (1976). The plaintiff also asserts pendent state claims. This court has jurisdiction under 28 U.S.C. § 1331 (Supp. IV 1980).

Defendants City of Chicago, Richard Brzeczek and Frank Nolan have presented separate motions to dismiss various counts of the complaint under Fed.R.Civ.P. 12(b).

## FACTS

The uncontroverted allegations of count one of plaintiff's second amended complaint assert that on October 7, 1979, at approximately 1:30 a.m., defendant Hardesty unjustifiably shot plaintiff who was unarmed and abiding the law. Complaint ¶¶ 11, 12, 13. The shooting took place in the presence of Lunt, Betts and Montgomery and caused plaintiff grievous bodily injury. Complaint ¶ 13. The bullet fired by Hardesty entered plaintiff's right buttock, tore through his intestines, damaged his colon, and lodged in his left thigh. Complaint ¶ 14. The shooting was a direct and proximate cause of plaintiff's pain, suffering mental anguish and continuing disability. Complaint ¶ 15. As a direct result of the shooting, plaintiff was required to undergo extensive surgery and was fitted with a colostomy bag, thereby suffering humiliation, inconvenience and psychological neurosis. Complaint ¶ 15.

Count two alleges that after plaintiff was shot, defendants Hardesty, Lunt, Betts and Montgomery and others presently unknown, fabricated a story which was given to the Office of Professional Standards (OPS) in order to cover up the unjustifiable shooting. Complaint ¶ 17. It is alleged that this story will be presented by these defendants as their defense in this case. Id. Count two then alleges that defendant city and defendants Brzeczek and Nolan exonerated defendant Hardesty for the shooting as part of a conspiracy to violate the constitutional rights of plaintiff. Complaint ¶¶ 18, 19, 20.

Count three alleges that defendant city, defendants Brzeczek and Nolan, and other

supervisory personnel had a duty to plaintiff to properly hire, screen, train, supervise, control, discipline, assign and/or transfer the named defendant police officers. Complaint ¶ 24. It then alleges that defendant Hardesty and some or all of the other named police officers were not disciplined for prior use of deadly and excessive force, and other misconduct, although defendant city and the supervisory defendants knew or should have known of their violent and/or racist tendencies. Complaint ¶ 25. Count three specifically alleges that the defendant officers were not properly supervised, assigned or controlled while on duty on the day of the shooting. Count three then avers that defendant Hardesty had received numerous excessive force complaints during a period prior to the instant shooting yet the supervisory defendants did not discipline, psychologically test or counsel him as required by police regulation. Complaint ¶ 26.

Count four alleges that defendants city, Brzeczek and Nolan, and other supervisory personnel, had in force and effect both written and *de facto* policies, regulations, practices, and/or customs of improperly hiring, screening, training, supervising, controlling, disciplining and/or assigning Chicago police officers. It then avers that these interrelated policies encouraged the use of deadly and excessive force by Chicago police officers and the covering up of unconstitutional actions, and were the proximate cause of the unconstitutional injury alleged in the prior counts. Complaint ¶ 29.

The last three counts of the second amended complaint allege pendant state claims. Count five alleges that defendant Hardesty's actions constituted assault and battery, and that they were done maliciously and with punitive intent. Complaint ¶¶ 31, 32. Count six states that defendant police officers and defendant Brzeczek were acting within the scope of their employment, and that the acts alleged in count five are directly chargeable to defendants city and Brzeczek under state law by *respondeat superior*. Complaint ¶ 34. Finally, count seven alleges that defendants city, Brzeczek and Nolan negligently hired, retained and entrusted named defendant police officers. Complaint ¶ 36.

For each of these acts, plaintiff asks for compensatory and punitive damages, costs and attorney's fees.

### 1. Motions to Dismiss Defendants Nolan and Brzeczek

Two motions to dismiss defendant Nolan have been presented. One of these motions attacks the allegations in count three that defendant Nolan was responsible for and improperly hired, trained, and disciplined the named police officers, particularly defendant Hardesty. The other motion attacks the allegation in count seven that defendant Nolan negligently hired, retained and entrusted the named police officers. Defendant Nolan has responded to these allegations by affidavit attached to the motions to dismiss. The affidavit states that the OPS is responsible only for investigating allegation of excessive force committed by department personnel and that at no time was defendant Nolan directly or indirectly responsible for screening, hiring, training, controlling, supervising, disciplining, assigning and/or transferring police officers.

In light of defendant Nolan's affidavit we construe his motions as ones for summary judgment. *See* Fed.R.Civ.P. 7(a), 12(b). On a motion for summary judgment, the moving party is entitled to judgment only if the pleadings and materials outside the pleadings (in this case the affidavit) show that there is no genuine issue as to any material fact. *See* Fed.R.Civ.P. 56(c).

■ Defendant Nolan's affidavit does not refute plaintiff's assertion that Nolan is liable for, in particular, a failure to properly discipline Chicago police officers. In his affidavit, Nolan states that the OPS investigates allegations of the use of excessive force by police officers. In his Memorandum in Support of the Motion to Dismiss, he states that at the conclusion of the OPS investigations, recommendations are made to the office of the Superintendent of Police. It is reasonable to infer that if police

officers are at least in part disciplined or exonerated because of OPS recommendations, then the investigations defendant Nolan conducts which lead to the recommendations have some bearing on disciplinary practices. In other words, as director of the OPS, defendant Nolan may be responsible for the failure to properly discipline Chicago police officers. This is a question of fact which can not be resolved in a summary manner. Since it is not shown that there is no genuine issue as to Nolan's responsibilities as director of the OPS, defendant Nolan's motion to dismiss counts three and seven are denied.

■ Defendant Brzeczek has filed a motion to dismiss count six. Count six is a pendant state claim based on the traditional tort theory of *respondeat superior.* Pendant claims are resolved in accordance with applicable state law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Illinois law is controlling in this case.

■ Under Illinois law, the liability of a public employee [1] is governed by the Illinois Local Government and Governmental Employee Tort Immunity Act. Ill.Rev.Stat. ch. 85, § 2–204 (1979). The act provides:

> Except as other wise provided by statute, a public employee, as such and acting within the scope of his employment is not liable for an injury caused by the act or omission of another person.

Plaintiff's allegation in count six explicitly states that Brzeczek was acting within the scope of his employment at all times material to the complaint. Under the statute, therefore, he cannot be liable for defendant Hardesty's actions. *See Means v. City of Chicago,* 535 F.Supp. 455 (N.D.Ill.1982). Therefore, defendant Brzeczek's motion to dismiss count six is granted.

**1.** A public employee is defined as an employee of a public entity. *See* Ill.Rev.Stat. ch. 85, § 1–207 (1979).

**2.** 42 U.S.C. § 1983 (1976) provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ..., subjects, or

### 2. Motion to Dismiss Defendant City of Chicago from Count Two

In count two, plaintiff alleges that defendant city conspired with the other named defendants to violate plaintiff's rights as guaranteed by the Constitution and 42 U.S.C. §§ 1981, 1983 and 1985(2) and (3) by exonerating defendant Hardesty subsequent to the alleged cover up of the unjustifiable shooting. The city asserts that it cannot be held liable under this count as it rests upon the theory of *respondeat superior.*

■ In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Court held that a city was a "person" for purposes of § 1983.[2] However, the Court rejected the theory that a city could be held vicariously liable under § 1983 merely because of the tortious acts of its employees. 436 U.S. at 690–94, 98 S.Ct. at 2035–38. A city's liability must rest on an official policy, custom or practice causally linked to the employee's conduct and the resulting injury to the plaintiff. *Id.; see also Powe v. City of Chicago,* 664 F.2d 639, 643 (7th Cir.1981); *Means v. City of Chicago,* 535 F.Supp. 455 (N.D.Ill.1982).

■ Under 42 U.S.C. § 1985 (1976) a city is a "person" who is prohibited from engaging in a conspiracy to violate another person's civil rights. *Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). To state a claim against a city under § 1985 the complaint must allege an official policy or custom which relates to matters stemming from or resulting in the conspiracy. 601 F.2d at 1247. The city's liability will only rest upon its own actions, rather than on the theory of *respondeat superior. Id.*

The determination of whether the conspiracy allegations in count two can withstand the city's motion to dismiss is based

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

on whether plaintiff has adequately alleged an official policy or custom which relates to a conspiracy to cover up police action and which resulted in the deprivation of plaintiff's constitutional rights. We hold that plaintiff's complaint is insufficient to withstand the city's motion.

■ Count two sets out a specific episode which allegedly occurred subsequent to the shooting as part of a conspiracy to violate plaintiff's constitutional rights. Plaintiff states that the city took part in the conspiracy when "the [d]efendant [c]ity, through its OPS and supervisory personnel, including [d]efendants Nolan and Brzeczek, exonerated [d]efendant Hardesty for shooting [p]laintiff." Complaint ¶ 18. Presumably, plaintiff seeks to hold the city liable on the theory that the city was aware that the story given to it by the named police officers was false but exonerated defendant Hardesty for the shooting as part of a conspiracy to violate plaintiff's constitutional rights. The complaint fails to allege, however, that the city's exoneration of defendant Hardesty or the deprivation of plaintiff's rights was related to or resulted from some city policy or custom. No specific policy is alleged, nor is an ongoing pattern of conduct from which a policy can be inferred described. *See Powe v. City of Chicago,* 664 F.2d 639, 650 (7th Cir.1981). Thus, the pleading is inadequate and the city's motion to dismiss count two is granted.

### 3. *Motion to Dismiss Defendant City of Chicago from Count Four*

■ Plaintiff alleges in count four two distinct actions which he states were the direct cause of his injury under 42 U.S.C. § 1983 (1976). He alleges that the city's

interrelated policies of improperly hiring, screening, training, supervising, controlling, disciplining and/or assigning Chicago police officers encouraged the use of deadly and excessive force by police officers [3] and encouraged the covering up of such unconstitutional actions.[4] The city moves to dismiss count four against it stating that these allegations are conclusory.

This court made it clear in *Means v. City of Chicago,* 535 F.Supp. 455 (N.D.Ill.1982), that a § 1983 complaint will not be dismissed if the plaintiff alleges "what the policy is that is being challenged and demonstrate(s) that it may, under some set of facts, be a proximate cause of the injury in the particular case." 535 F.Supp. at 459. This standard is drawn from § 1983 case law. *See, e.g., Herrera v. Valentine,* 653 F.2d 1220 (8th Cir.1981); *Murray v. City of Chicago,* 634 F.2d 365 (7th Cir.1980); *Turpin v. Mailet,* 619 F.2d 196 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980); *Villa v. Franzen,* 511 F.Supp. 231 (N.D.Ill.1981). It requires that the plaintiff show that "the policy, custom or practice once pleaded, can be proved." *Means v. City of Chicago,* 535 F.Supp. at 459.

■ The allegations that the interrelated policies of improperly hiring, screening, training, supervising, controlling, disciplining and/or assigning Chicago police officers encouraged the use of deadly and excessive force and were the proximate cause of plaintiff's injury are sufficient to withstand a motion to dismiss. Plaintiff alleges with specificity the factual basis on which he contemplates proof of the alleged city policy.[5] He states that defendant Hardesty received eleven excessive force complaints during the approximately three and one-

---

3. The claim of an injury proximately caused by an alleged policy of improperly hiring, training and supervising police officers is actionable under § 1983. *See Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Means v. City of Chicago,* 535 F.Supp. 455 (N.D.Ill.1982); *Smith v. Hill,* 510 F.Supp. 767 (D.Utah 1981); *Leite v. City of Providence,* 463 F.Supp. 585 (D.R.I. 1978).

4. *Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir. 1979), *rev'd in part on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), holds that a claim of concealment of unconstitutional actions is actionable.

5. This factual basis is stated in count three of the complaint and realleged in count four. Complaint ¶ 28.

half year period prior to the instant incident, yet was not disciplined on these complaints; that defendant Hardesty was not psychologically tested or counselled as required by police regulation after these complaints accumulated, nor was he transferred to a position where persons would be protected from his violent tendencies. Complaint ¶ 26. Although the complaint refers with specificity only to defendant Hardesty's alleged misconduct, it contemplates proof of a number of instances of tacitly approved misconduct. It is well-settled that "if plaintiff can establish that 'senior supervisory personnel have knowledge of a pattern of constitutionally offensive acts by their subordinates but fail to take remedial steps, the municipality may be held liable for a subsequent violation if the supervisor's inaction amounts to deliberate indifference or to tacit authorization of the offensive act.'" *Means v. City of Chicago,* 535 F.Supp. at 460 (quoting *Turpin v. Mailet,* 619 F.2d at 201).

Defendant city has responded to these allegations by showing that it found incidents of the use of alleged excessive force by the other named police officers justified. As we pointed out in *Means,* however, the determination of the OPS on the issue of adequate supervision and discipline are not entitled to conclusive weight. 535 F.Supp. at 460 n. 3. Therefore, defendant city's motion to dismiss with respect to this portion of count four is denied.

■ The remainder of count four alleges that the interrelated policies of improperly hiring, screening, training, supervising, controlling, disciplining and/or assigning Chicago police officers encouraged the covering up of unconstitutional actions and were the proximate cause of plaintiff's injury. We find these allegations sufficient to withstand the city's motion to dismiss.

In *Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir.1979), *rev'd on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), the court held that a claim of concealment of unconstitutional actions is actionable. 600 F.2d at 622. In order to adequately plead such a claim under § 1983,

however, the complaint must allege that the concealment was the cause of a separate constitutional deprivation. *Id.; Landrigan v. City of Warwick,* 628 F.2d 736 (1st Cir. 1980); *See also Bell v. City of Milwaukee,* 498 F.Supp. 1339 (E.D.Wis.1980) (Plaintiff stated a claim by alleging a conspiracy to conceal the facts of defendants' wrongful shooting of decedent which deprived plaintiff of constitutionally protected interest in obtaining the knowledge necessary to obtain redress). In *Hanrahan,* the court held actionable under the same civil rights statute relied upon here a conspiracy which

was intended to frustrate any redress the plaintiffs might seek and, more importantly, to conceal the true character of the preraid and raid activities of the defendants involved in the first conspiracy.

600 F.2d at 622.

Here, plaintiff alleges in count two a cover-up of unconstitutional conduct by the individual defendants, the adequacy of which is not challenged. Then in count four plaintiff alleges that the city's policies of improperly training, supervising, controlling, disciplining, and/or assigning police officers encouraged that cover-up. Second Amended Complaint ¶ 29. Thus, a specific set of policies have been alleged. Plaintiff forwards the plausible theory that these policies of the city encouraged officers to believe they could cover up facts, since cover ups would not be exposed by adequate supervision, control or discipline, and the policies therefore caused the coverup of which plaintiff complains. Thus, the complaint alleges 1) an actionable cover up, 2) a set of city policies, and 3) and plausible causal connection between the two. Under the test outlined above, the pleading is sufficient.

Prior to discovery, it is unrealistic to expect plaintiff to know much more about the city's policies, and a complaint should be dismissed at the pleading stage only if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Here there are specific

allegations of a cover up which was intended to prevent plaintiff from obtaining redress for his grievances, and a theory as to how the city is responsible for that cover up. Since we cannot say that it appears beyond doubt that plaintiff cannot prove the causal relationship between the alleged cover up and the city's alleged policies, the city's motion to dismiss it from count four should be denied.

Defendant Nolan's motions to dismiss counts three and seven are denied. Defendant Brzeczek's motion to dismiss count six is granted. Defendant City of Chicago's motion to dismiss it from count two is granted, and its motion to dismiss it from count four is denied. Defendant to answer in 14 days.