604 F.Supp. 1229 (1985)
Lenora LAWRENCE, individually and as mother of Kirk C. Lawrence, deceased, Plaintiff,
v.
BOARD OF POLICE COMMISSIONERS, as a body and in their official capacities and as individuals, Homer Sayad, Charles Valier, Robert Wintersmith, Thomas Purcell, and Mayor Vincent C. Schoemehl, Jr.; John F. Berner, as an individual and as Chief of Police for the City of St. Louis, Mo.; and Captain Charles McCiche, as an individual and in his official capacity as Commander for the City of St. Louis, Mo., Police Dept., Central Holding Facility, Defendants.
No. 84-2915C(1).
United States District Court, E.D. Missouri, E.D.
April 3, 1985.
*1230 *1231 MacArthur Moten, St. Louis, Mo., for plaintiff.
Sheryl Johnson-Elcock, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This is an action for damages under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and Chapter 537 R.S.Mo. (1979), which is the Missouri Wrongful Death Statute. Plaintiff also appears to be seeking damages for negligence. There are ten counts in the complaint. Count I appears to be a general claim against all defendants under 42 U.S.C. §§ 1981 and 1983, the Missouri Wrongful Death Statute and for negligence. Plaintiff alleges that her son hung himself in a holding cell, while in police custody. There are additional allegations that plaintiff's decedent displayed bizarre conduct immediately prior to his death, which should have placed those around him on notice of his unstable mental condition. Plaintiff further maintains that her decedent received disparate treatment by defendants because of his race, and that all defendants conspired to withhold the news of her son's death from her. Named as defendants are the Board of St. Louis Police Commissioners; the individual members of the Board; John F. Berner, who is the Chief of Police; and Captain Charles McCiche, a Commander in the Department.
*1232 Defendants first argue that the St. Louis Board of Police Commissioners should be dismissed from the action because it is not a suable entity. This Court agrees. Jurisdiction over the St. Louis Board of Police Commissioners can only be obtained by suing its individual members. Sparks v. St. Louis Board of Police Commissioners, No. 84-384C(3) (E.D.Mo., Apr. 25, 1984); Best v. Schoemehl, 652 S.W.2d 740, 742 (Mo.App.1983). Accordingly, the St. Louis Board of Police Commissioners is dismissed from the action.
Defendants next argue that Police Chief Berner and Captain McCiche are inappropriately named in the civil rights claims because the complaint contains insufficient allegations of personal involvement on their behalf. Monell v. New York City Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); Rogers v. Rulo, 712 F.2d 363 (8th Cir.1983); Harris v. Pirch, 677 F.2d 681 (8th Cir.1982). There are two separate § 1983 claims against each of these defendants. The first appears to be contained in Count I, while the second is in Counts VIII and IX. This Court shall first consider the charges against defendant McCiche. Plaintiff alleges in the first § 1983 claim that McCiche was the Commander of the holdover facility where the decedent, Lawrence took his own life, and that said defendant allowed Lawrence to be placed alone in a cell. The complaint further alleges that McCiche knew or should have known of Lawrence's abnormal behavior, but failed to remove certain harmful articles of clothing from him. This Court deems these to be sufficient allegations of direct involvement on behalf of McCiche to state a claim against him under 42 U.S.C. § 1983. Count IX is a second § 1983 claim against McCiche, for discrimination against Lawrence. The complaint states that defendant McCiche actively engaged in disparate treatment of the decedent. This Court concludes that the allegations of McCiche's active involvement in the alleged wrong are sufficient to state a § 1983 claim against him. Count IX, therefore, will not be dismissed.
Count VI, which is a claim under 42 U.S.C. § 1981, represents a different situation, however. Plaintiff does not allege any direct involvement on behalf of defendant McCiche. The only allegations against this defendant under that count are that he supervised the individuals who engaged in the discrimination. Such allegations constitute a classic example of an attempt to pin liability upon a defendant by the respondeat superior theory. Case law establishes, however, that unlike § 1983 actions, the doctrine of respondeat superior may be invoked to hold a municipality liable under 42 U.S.C. § 1981. Haugabrook v. City of Chicago, 545 F.Supp. 276, 279-81 (N.D.Ill. 1982); Jones v. Local 520, International Union of Operating Engineers, 524 F.Supp. 487, 492 (S.D.Ill.1981); Commonwealth of Pennsylvania v. Local Union 542, International Union of Operating Engineers, 469 F.Supp. 329, 409 (E.D.Pa. 1978); Croswell v. O'Hara, 443 F.Supp. 895, 898 (E.D.Pa.1978). Such doctrine cannot be used to impose liability upon individual supervisors, however. Respondeat superior does not apply to the instant situation where Captain McCiche and his subordinate officers are fellow employees of the same employer, the City of St. Louis. Norton v. McKeon, 444 F.Supp. 384, 386 (E.D. Pa.1977), aff'd, 601 F.2d 575 (3rd Cir.1979); Krier v. Amodio, 441 F.Supp. 181, 183 (E.D.Pa.1977); Palermo v. Rockefeller, 323 F.Supp. 478, 483 (S.D.N.Y.1971). Thus, Count VI, the § 1981 claim against Captain McCiche is dismissed for plaintiff's failure to allege active participation by this defendant in plaintiff's disparate treatment.
Count I is also brought under § 1981, but plaintiff makes no allegations concerning Lawrence's race or disparate treatment in this count. Therefore, the § 1981 claim contained in Count I shall be dismissed entirely.
Plaintiff attacks the claims against Police Chief Berner on the same grounds. The § 1981 claim against this defendant shall be dismissed for the same reasons as apply to Captain McCiche.
*1233 The Count I § 1983 claim against defendant Berner is different, however. Plaintiff makes no allegations whatsoever in the general count concerning this defendant's participation in the circumstances surrounding Lawrence's death. In addition, plaintiff alleges in other counts that defendant Berner was the commanding officer of McCiche and other police officers, and that he breached his duty of providing adequate training, supervision and guidance to his subordinates. These allegations will not subject Berner to liability, however. In the absence of more specific allegations establishing an affirmative link between Berner's failings and the harm, this Court cannot impose liability. Plaintiff must allege, for example that defendant Berner was aware of previous negligent conduct on behalf of his subordinates, but nonetheless failed to actively correct the situation. See Hays v. Jefferson County, 668 F.2d 869 (6th Cir.1982), cert. denied, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982); Watson v. Interstate Fire & Casualty Co., 611 F.2d 120, 123 (5th Cir.1980); LaPlant v. Frazier, 564 F.Supp. 1095, 1098 (E.D.Pa.1983); Eiland v. Hardesty, 564 F.Supp. 930, 935-36 (N.D.Ill.1982).
Count VIII, which is the second § 1983 claim against defendant Berner for disparate treatment shall remain, however. Plaintiff alleges that this defendant actively discriminated against Lawrence.
Plaintiff has also asserted § 1981 and § 1983 claims against the members of the St. Louis Board of Police Commissioners. In Count I, plaintiff alleges that the Board failed to adequately train, supervise and guide those persons who were directly responsible for Lawrence's death. As with Chief Berner, such allegations are insufficient to state a claim under § 1983. Yet, in Count VII, an additional § 1983 claim against the Board, plaintiff sufficiently alleges active participation by the Board members in discrimination against the decedent to withstand the instant motion to dismiss. Likewise, in Count IV, plaintiff alleges that the Board members intended to and did subject Lawrence to disparate treatment because of his race. This Court deems these statements to sufficiently link these defendants to the wrong, as to state a claim under § 1981. Accordingly, Count IV will not be dismissed.
Count X represents a claim under 42 U.S.C. § 1985, against all defendants for conspiring to withhold information from plaintiff concerning the death of her son. Defendants have not attacked the sufficiency of this claim, and consequently this Court will allow it to remain.
The only remaining claims are the state wrongful death and negligence claims against all defendants in Count I and against defendant Berner in Count II. The defendants assert that these claims represent tort actions to which sovereign immunity attaches. Sovereign immunity is inapplicable, however, because only individual defendants in their official and individual capacities remain. The doctrine of sovereign immunity "protect[s] the impersonal body politic or government itself from tort liability." Jackson v. Wilson, 581 S.W.2d 39, 42 (Mo.App.1979). See also Owen v. City of Independence, 445 U.S. 622, 647, 100 S.Ct. 1398, 1413, 63 L.Ed.2d 673 (1980). Thus, defendants shall not be dismissed on this ground.
Defendants next maintain that the individual members of the Board of Police Commissioners are entitled to official immunity for the performance of discretionary duties in the state counts. This Court agrees that under the allegations stated herein, these defendants are entitled to such immunity. Plaintiff attempts to hold the Board members liable for their failure to properly train and supervise other officers. The members of the Board are vested with power by statute. Section 84.020 et seq. R.S.Mo. (1978). In addition, this Court deems the alleged actions on behalf of the Board members to involve discretion, to the same extent as the officials in State ex rel. Eli Lilly & Co. v. Gaertner, 619 S.W.2d 761 (Mo.App.1981) and Jackson v. Wilson, 581 S.W.2d 39 (Mo.App.1979). *1234 Therefore, the state law claim shall be dismissed against the Board members in Count I.
Defendants also argue for the dismissal of the Board members from the state law claim in Count I on the theory that respondeat superior is inapplicable. Reenie v. Belleview School District, 521 S.W.2d 423, 425 (Mo. banc 1975); Jackson v. Wilson, 581 S.W.2d at 46. Defendants' argument lacks merit, however, because plaintiff does not attempt to hold the Board members liable under the doctrine of respondeat superior. Plaintiff alleges that the members are personally guilty of negligently training and supervising the police department employees.
In summary, the following claims are dismissed: all claims against the Board of Police Commissioners as a body; the § 1981 claim contained within Count I; Count VI; Count V; the § 1983 claim against defendant Berner in Count I; the § 1983 claim against the members of the St. Louis Board of Police Commissioners contained in Count I; and the state tort actions and wrongful death action contained in Count I against the St. Louis Board of Police Commissioners. All other counts and claims shall remain.