Fred EDWARDS, Appellant,

v.

Robert J. BAER; John J. Frank; William H. Young, in their official capacities, Michael Craig and The St. Louis Board of Police Commissioners, Appellees.

No. 88–1704.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 19, 1988.

Decided Dec. 19, 1988.

Rehearing Denied Jan. 13, 1989.

Ross Harry Briggs, St. Louis, Mo., for appellant.

Julian L. Bush, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

LAY, Chief Judge.

The principal question in this case, and one that federal courts constantly confront, involves the liability of a police officer under section 1983 of the Civil Rights Act for making an invalid arrest. Twenty-seven years ago, Justice Frankfurter predicted that the federal courts would become a haven for litigation of state false arrest and false imprisonment claims. *Monroe v. Pape,* 365 U.S. 167, 240–41 & n. 68, 81 S.Ct. 473, 512–13 & n. 68, 5 L.Ed.2d 492 (1961) (Frankfurter, J., dissenting). Although to some extent this prediction has been accurate, the law is now sufficiently clear that careful lawyering should divert the ordinary false arrest and false imprisonment cases to the state courts where they belong. The mere fact that an invalid arrest takes place does not automatically convert the common law tort of false arrest or false imprisonment to a violation of a constitutional right. *Baker v. McCollan,* 443 U.S. 137, 145–46, 99 S.Ct. 2689, 2695–96, 61

L.Ed.2d 433 (1979). Moreover, even where a constitutional right has been violated, a state officer who acts reasonably may be immune from suit under the doctrine of qualified immunity. The entitlement to qualified immunity is based on "objective legal reasonableness." *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). *See also Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). This standard is simply concerned with whether the official knew or reasonably should have known that his or her conduct violated a clearly established constitutional right. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The obvious function of the qualified immunity rule is to excuse an officer who makes a reasonable mistake in the exercise of his official duties. *Sevigny v. Dicksey,* 846 F.2d 953, 957 (4th Cir. 1988).

This does not mean that federal courts will refuse to entertain suits in which state officers are alleged to have intentionally abused a person's known rights. The point is simply that not every factual predicate involving an illegal arrest justifies the claim that a citizen's constitutional rights have been violated. *Monroe* and our own subsequent decisions have created a bright line which clearly indicates when an action sufficiently states the violation of a constitutional right. *See, e.g., Fields v. City of Omaha,* 810 F.2d 830, 834–35 (8th Cir. 1987); *Patzner v. Burkett,* 779 F.2d 1363, 1367–69 (8th Cir.1985).

A. Officer Craig

■ In this case, Fred Edwards reported to the City of St. Louis Police Department (Department) that his license plates had been stolen. At that time, Officer Michael Craig ran a computer check and discovered an outstanding traffic warrant had been issued for Edwards' arrest by the St. Louis County Circuit Court. Edwards maintained that the warrant was no longer outstanding and he had paid his fine. His

statement was accurate. Edwards states that the Department's special order no. 84–S–12(II)(E)(3), mandated by a directive of the St. Louis Board of Police Commissioners (Board), substantiates his claim that the officer acted unreasonably. This order reads:

> If the person claims that he has cleared the warrant with the courts, the arresting officer will check with the *clerk of the City or Circuit Court* to verify the information. *If the courts are not in session, the subject will be released pending an investigation by a day watch officer when the courts are open.* However, the officer will obtain as complete information as to where the subject can be located in the event it develops that he is wanted. [Emphasis added.][1]

At the time of Officer Craig's computer check the Circuit Court clerk's office was closed. Based upon Edwards' representation that the warrant was no longer valid, Officer Craig contacted the St. Louis County Police Department on two separate occasions and, in each instance, was informed that the arrest warrant continued to be outstanding. Officer Craig arrested Edwards based upon this information of the existence of a valid warrant. This action actually constituted a warrantless arrest.

A warrantless arrest is unconstitutional if unsupported by probable cause.[2] *Hannah v. City of Overland, Mo.,* 795 F.2d 1385, 1389 (8th Cir.1986); *United States v. Clark,* 754 F.2d 789, 791 (8th Cir.1985). In this case, there was no probable cause independent of the warrant to justify making the arrest. The Department concedes that the warrant was invalid and the arrest was illegal. As stated previously, however, *Anderson v. Creighton* clearly distinguishes the issues of the existence of probable cause and the officer's entitlement to qualified immunity. 107 S.Ct. at 3039. The issue for consideration therefore is whether Officer Craig is entitled to qualified immunity.

While the unfortunate incident that gave rise to this lawsuit would not have occurred if Officer Craig had followed the Department's guidelines, police department guidelines do not create a constitutional right. Thus Craig may nonetheless be entitled to qualified immunity. *Deary v. Three Unnamed Police Officers,* 746 F.2d 185, 192 (3d Cir.1984). A public official does not lose his qualified immunity merely because his conduct violates some statutory or administrative provision. *Davis v. Scherer,* 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 *reh'g denied,* 468 U.S. 1226, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984). Our analysis is instead guided by the fact that federal constitutional law does not require the actual possession of a warrant in cases where the arresting officer has knowledge of its existence. *Washington v. Simpson,* 806 F.2d 192, 196 n. 4 (8th Cir.1986).

Based upon an objective appraisal of the facts we find that a reasonable and competent police officer could have believed that a warrant existed and that he had legal authority to make an arrest based on that warrant. If Craig had followed the police guidelines, the unfortunate arrest and this litigation would not have ensued. However, Officer Craig did contact County officials on two separate occasions to verify the existence of the warrant prior to the arrest. This conduct dispels any allegation that he knowingly and recklessly violated Edwards' rights. *Cf. Baker v. McCollan,* 443 U.S. at 144–45, 99 S.Ct. at 2694–95.

---

1. Defendants claim that this directive relates solely to arrest warrants issued by the City of St. Louis and is therefore inapplicable to the instant situation. This is a dubious assertion. The directive does not specify any jurisdictional limitations. In fact, it expressly includes a reference to the Circuit Courts, as well as the City Courts. Furthermore, it is nonsensical to presume that the City would take into custody individuals named in the County's warrants while setting free those named in its own warrants.

2. The appellees' reliance on *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), is erroneous. *Baker* involved a situation in which an innocent party was named in a valid warrant. *Id.* at 141, 99 S.Ct. at 2693. In all respects, the warrant was properly obtained and executed, and there was no due process violation. *Id.* at 144–45, 99 S.Ct. at 2694–95. In the instant case, the warrant upon which Officer Craig arrested Edwards was simply invalid and *Baker* is therefore inapplicable.

We therefore affirm the district court's[3] finding that Officer Craig's conduct was reasonable and that he is entitled to qualified immunity.

### B. Board of Police Commissioners

Edwards has also brought suits against the Board of Police Commissioners and against the police commissioners individually. The district court granted dismissal for the Board as an entity and each commissioner individually. We affirm that ruling.

The St. Louis Board of Police Commissioners is not a suable entity. "Jurisdiction * * * can only be obtained by suing its individual members." *Lawrence v. Board of Police Comm'rs*, 604 F.Supp. 1229, 1232 (E.D.Mo.1985). *See also Best v. Schoemehl*, 652 S.W.2d 740, 742 (Mo.Ct. App.1983) ("An action against the 'St. Louis Board of Police Commissioners' in that name alone does not lie."). The district court therefore properly dismissed plaintiff's cause of action as against the "St. Louis Board of Police Commissioners."

### C. Failure to State a Claim Against the Commissioners in Their Individual Capacities

Edwards claims that he was unlawfully arrested as the result of an unconstitutional custom or policy of the St. Louis Board of Police Commissioners. Specifically, he accuses the Board of "failing to institute administrative training procedures to identify, authenticate and purge stale or otherwise invalid warrants from their computer which were known to have previously caused repeated unauthorized and unlawful arrests of various private citizens." Plaintiff's Complaint at 2.

The Supreme Court has found municipal liability "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury * * *." *Monell v. Department of Social Servs. of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). A municipality will not, however, be held vicariously liable for injuries inflicted solely by its employees. *Id.* "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791, *reh'g denied*, 473 U.S. 925, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985).

In this case, the Board provided Police Department personnel with a directive which expressly mandated procedures that were to be followed in the very type of situation that involved Edwards. The directive acknowledged the possibility for computer error and attempted to minimize the problems that might arise as a result of that error. If Officer Craig had followed this directive, Edwards would have been released rather than arrested. It is therefore difficult to comprehend any way in which the Board's policy or custom brought about the constitutional violation that occurred in this case. We thus affirm the district court's dismissal of Edwards' action against the Board members in their individual capacities for failure to state a claim.

JUDGMENT AFFIRMED.

---

**3.** The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.