# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4240

_____

Jesse James Jackson,             *
                                   *

       Appellant,       *

                                   *   Appeal from the United States
   v.                       *   District Court for the
                                 *   Southern District of Iowa.

Jeff Shipley,               *

                                 *     **[UNPUBLISHED]**
       Appellee.      *

_____

Submitted: November 4, 1998
Filed: November 9, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Jesse James Jackson commenced this pro se action under 42 U.S.C. § 1983, alleging that Keokuk County Deputy Sheriff Jeff Shipley violated Jackson's Fourth Amendment rights by arresting him on February 14, 1996, without a valid warrant or probable cause to arrest. Jackson appeals the district court's[1] adverse grant of summary judgment based on qualified immunity. We affirm.

_____

[1]The HONORABLE CHARLES R. WOLLE, Chief Judge of the United States District Court for the Southern District of Iowa.

It is undisputed that, before arresting Jackson, Shipley contacted the Mahaska County Sheriff's Department and was told that the department had an outstanding arrest warrant for Jackson, a resident of Mahaska County, and that Jackson was supposed to turn himself in on February 15. Shipley, who was investigating a Keokuk County homicide, knew that Keokuk County sometimes allowed persons to turn themselves in after an arrest warrant had been issued. Shipley arrested Jackson at Jackson's home based upon the Mahaska County arrest warrant. Only later did Shipley learn that Mahaska County had not issued an arrest warrant, only a "mittimus" to arrest and transport Jackson to the town of Oakdale.

The district court concluded that Shipley was entitled to qualified immunity because he could reasonably have believed that a Mahaska County arrest warrant existed and that he had the authority to arrest Jackson under that warrant. Having reviewed the grant of summary judgment and the issue of qualified immunity de novo, see White v. Holmes, 21 F.3d 277, 279 (8th Cir. 1994), we agree that Shipley's conduct as arresting officer was objectively reasonable. See Anderson v. Creighton, 483 U.S. 635, 641 (1987); Gainor v. Rogers, 973 F.2d 1379, 1382 (8th Cir. 1992) (qualified immunity standard is arresting officer's objective reasonableness). Because Shipley had a reasonable basis to believe that there was an outstanding Mahaska County warrant for Jackson's arrest, Shipley did not knowingly and recklessly violate Jackson's Fourth Amendment rights in making the arrest. See Edwards v. Baer, 863 F.2d 606, 607-08 (8th Cir. 1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-