HEANEY, Circuit Judge,
dissenting.
I concur in the majority’s opinion as it relates to Officers Pavlek and Pierce, for they arrested Brian Hill only after Officer Scott informed them that a valid warrant had been issued for a Brian Hill. I disagree, however, that Officer Scott’s cursory investigation into whether the warrant actually pertained to Plaintiff Brian Hill approached the level required to shield him from suit. I therefore respectfully dissent from that portion of the majority’s opinion.
This matter comes to us on appeal from an order granting summary judgment on qualified immunity grounds. Thus, we view “the evidence and the inferences which may be reasonably drawn from it in the light most favorable” to Hill, the non-moving party. Lambert v. City of Dumas, 187 F.3d 931, 934 (8th Cir.1999) (emphasis added). Where a plaintiff alleges that he was unlawfully arrested, qualified immuni *1076 ty will only protect the arresting officer if the arrest was objectively reasonable. Ripson v. Alles, 21 F.3d 805, 808 (8th Cir.1994). Officers may be entitled to qualified immunity for mistakenly arresting suspects, so long as the mistake was a reasonable one. Kuehl v. Burtis, 173 F.3d 646, 649 (8th Cir.1999). In the absence of exigent circumstances, a mistaken arrest is “reasonable” only when it follows a sufficient investigation establishing grounds for the intrusion. Id. at 650.
Prior to the current dispute, Hill had an unfortunate history with the St. Paul Police Department that spanned several years. In 1995, he was assaulted by officers outside a St. Paul bar and restaurant. Hill, an African American, alleged that at least one of the officers used a racial epithet during this encounter. Then, in 1996, St. Paul Police Officer Scott entered his home without a warrant to investigate a police call and assaulted Hill inside his home. During this second physical confrontation, Scott suggested Hill should have “learned his lesson” from the 1995 incident. Yet again in 1996, Hill was accosted by the St. Paul Police when officers attempted to arrest him on an invalid warrant at his house. Officers restrained Hill for a time, even though he shared very few characteristics with the wanted suspect. Hill sued the St. Paul Police Department and its chief due to the above incidents. In 1998, Hill settled the matter with the defendants, including Scott.
Less than a year after Hill settled his lawsuit, he was again faced with a conflict with the St. Paul Police Department, giving rise to the instant lawsuit. On June 15, 1999, Parking Enforcement Officer Rasmussen was outside Hill’s house, trying to retrieve a disabled parking permit that had been reported stolen. Rasmussen and Hill got into an argument about the permit, and Rasmussen eventually called for back-up support. Scott was the first to respond to the call. When Scott arrived, he did not attempt to intervene, but rather waited for other support to arrive. Meanwhile, he decided to investigate whether Hill was wanted for any outstanding warrants.
Scott did not ask Hill, or anyone else, for Hill’s date of birth, driver’s license number, address, middle name, or any other identifying characteristic, before performing his warrant check. None of these identifying characteristics were included in Scott’s warrant check. Scott inquired simply whether any warrants were issued for a black male, late twenties, with a first name of Brian and last name of Hill, who had a possible address of 1081 Hague and a possible suspended driver’s license. A warrant for a misdemeanor traffic offense was confirmed for a Brian Walter Hill, whose age, height, and weight approximated that of Plaintiff Brian Hill. Brian Walter Hill, however, had green eyes. The operator did not confirm the race or address for Brian Walter Hill, nor did she state whether his driver’s license was suspended.
At this point, it was incumbent upon Scott to make a further inquiry. Qualified immunity should not be granted when minimal further investigation would have cleared the suspect. Kuehl, 173 F.3d at 650. The majority distinguishes between cases such as Kuehl, in which an officer fails to fully investigate before arresting a suspect, and those in which an officer mistakenly arrests the wrong person on an outstanding warrant. Assuming this distinction is valid, I agree that Officers Pav-lek’s and Person’s conduct falls within the “mistaken arrest” category, for they arrested Hill based on faulty information from Scott. On the other hand, Officer Scott’s behavior better fits the Kuehl line of cases, and his failure to investigate the validity of the warrant is inexcusable. Ac *1077 cord Edwards v. Baer, 863 F.2d. 606, 608 (8th Cir.1988) (finding arresting officer was entitled to qualified immunity from suit where officer sufficiently investigated whether warrant was valid).
A simple follow-up call to the operator requesting additional information such as the address of Brian Walter Hill, or a request for Hill’s driver’s license or birth date, or even a simple query about Hill’s eye color, would have alerted Scott that this Brian Hill had no outstanding warrants. Scott did nothing, however, to confirm the warrant before broadcasting to his fellow officers that Hill was wanted. Thus, this is not a case like Edwards, where the arresting officer confirmed the existence of what turned out to be an invalid warrant twice before arresting the suspect. In that case, we held that the officer’s additional investigation was reasonable in light of the totality of circumstances. Id. at 608-09. Here, even after Hill complained that he did not have a warrant outstanding against him, Scott did not perform even the slightest further examination to determine if Hill was telling the truth.
The district court held that further investigation was not practicable in part because the situation called for quick action. See Kuehl, 173 F.3d at 650 (holding officer’s failure to fully investigate before arresting may be justified by exigent circumstances). The evidence presented, however, does not support this characterization of the facts. Brian Walter Hill’s warrant was for a misdemeanor traffic offense, not an inherently dangerous or violent crime. Due to the nature of the warrant, St. Paul Police Department policy afforded the officers discretion to merely advise Hill of the warrant; they were not required to arrest him. In other words, no arrest was necessary, and there was no need to act quickly to effectuate an arrest before finding out if one was authorized. Scott knew the nature of the warrant, and knew that he did not have to arrest Hill on this type of warrant. Moreover, there is no evidence that Hill presented a flight risk. On the contrary, he has lived at the same address in St. Paul for nearly his entire life. Particularly in light of Hill’s adversarial history with Scott and the St. Paul Police Department, Scott’s actions are not reasonable as a matter of law.
In short, Scott cannot be excused for his failure to sufficiently investigate whether Plaintiff Brian Hill was the true subject of the warrant. With minimal further inquiry, Scott would have spared Hill from yet another unjustified intrusion of Hill’s liberty. I would therefore reverse the district court’s grant of summary judgment as it related to Officer Scott.